UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOYCE LIM,

                       Plaintiff,

    -against-                                     23-CV-6372 (JGLC)

CREDIT AGRICOLE AMERICA SERVICES INC.,                 **OPINION AND ORDER**

                       Defendant.

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff filed this action on July 25, 2023. ECF No. 1. Plaintiff brings a claim under the Americans with Disabilities Act against her former employer, Defendant Credit Agricole America Services, Inc. ECF No. 4. Defendant answered the Complaint on September 21, 2023, and the action was referred to mediation thereafter. ECF Nos. 14, 15. Mediation was unsuccessful in resolving any issue in the case. ECF No. 20.

      On January 10, 2025, Defendant filed a joint stipulation to voluntarily dismiss this action ("Joint Stipulation") and all claims and defenses asserted therein with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). ECF No. 32. The Joint Stipulation had an electronic signature on behalf of each of the parties. *Id.* Because ink signatures were not used and the stipulation "was not signed by all parties who have appeared,"[1] the Clerk's Office rejected filing and directed counsel to refile the stipulation. Four days later, Plaintiff filed a letter motion requesting that the Court not enforce the join stipulation due to a "change of heart." ECF No. 34. Defendant opposed this request. ECF No. 35. To address the dispute, the Court held a conference

---

[1] This notation appears to be in error because all parties who had appeared had signed the stipulation. Defendant also noted that ink signatures are not consistently required for stipulations of dismissal. *See* ECF No. 37 at 3–4.

with the parties on January 28, 2025. At the conference, the Court directed the parties to submit briefing on the issue. Defendant filed an opening brief on February 11, 2025. ECF No. 37. Plaintiff opposed on February 21, 2025, and Defendant replied on March 4, 2025. ECF Nos. 38 ("Opp."), 39.

## DISCUSSION

The Joint Stipulation was drafted pursuant to Federal Rule of Civil Procedure 41(a)(1), which requires the plaintiff to file a stipulation of dismissal signed by all parties who have appeared. ECF No. 32; FED. R. CIV. P. 41. Contrary to Defendant's assertion, the Joint Stipulation was not submitted in technical compliance with Rule 41. The rule appears to require the plaintiff to file the stipulation, which did not occur here. *Cf.* ECF No. 37 at 4 ("The dismissal is effective upon filing of the joint stipulation *by either party*; the court has no involvement and is immediately divested of jurisdiction.") (emphasis added) *with* Fed. R. Civ. P. 41(a)(1)(A)(ii) ("[T]he *plaintiff* may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared.") (emphasis added).

Nonetheless, the Second Circuit has found that failure to technically comply with Rule 41 may be excused in limited circumstances. In *Eureka Lodge*, the parties entered into an oral stipulation of dismissal before the court, but did not sign or file a formal stipulation. *Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO*, 402 F.3d 314, 318 (2d Cir. 2005). Nonetheless, the court found the stipulation of dismissal enforceable because the stipulation was "voluntary, clear, explicit, and unqualified." *Id.* (collecting cases); *accord Pierre v. Chase Inv. Servs. Corp.*, No. 10-CV-1740 (SAS), 2013 WL 709055, at *3 n.30 (S.D.N.Y. Feb. 25, 2013), *aff'd*, 561 F. App'x 71 (2d Cir. 2014).

Here, there is clear, unambiguous, and undisputed evidence that the parties entered into the Joint Stipulation voluntarily and without qualification. And unlike *Eureka Lodge*, that agreement was reduced to writing. On January 10, 2025, "Ms. Lim's counsel . . . informed [Defendant]'s counsel that he had obtained his client's approval in writing to execute the Joint Stipulation dismissing her case with prejudice, and he explicitly authorized [Defendant]'s counsel to file the Joint Stipulation with the Court on his client's behalf." ECF No. 37 at 1–2; *see also* ECF No. 37-1; Opp. at 1 ("Lim adopts the timeline of the Defendant[] . . . ."). Later that same day, the Joint Stipulation was filed with the Court by Defendant. ECF No. 32. On January 14, 2025, four days after Defendant filed the Joint Stipulation, Plaintiff decided that she no longer wanted to dismiss the action due to a "change of heart." ECF No. 34 at 1.

Because the Joint Stipulation was not correctly filed by Defendant and because Plaintiff declines to file it, Plaintiff asserts that the Joint Stipulation is without effect. Opp. at 1–3. In support of her position, Plaintiff cites *Orsini*, where the Second Circuit held that an unfiled stipulation of discontinuance does not terminate an action. *Orsini v. Kugel*, 9 F.3d 1042, 1045 (2d Cir. 1993). However, *Orsini* is not analogous to the facts here. In *Orsini*, the relevant stipulation was never filed by any party, nor was it presented to the district court other than as an exhibit to motion papers. *Id.* at 1044. Here, the stipulation was actually filed with the Court and was only rejected by the Clerk of Court due to alleged technical errors. ECF No. 32; *see Orsini*, 9 F.3d at 1045 ("Rule 41 gives effect to a stipulation of discontinuance only when it is filed.").

The circumstances of this case most closely align with the facts of *Eureka Lodge*. The Joint Stipulation was entered before the Court, and Plaintiff does not dispute that she entered into the Stipulation voluntarily, clearly, explicitly, and unqualified. This renders the Joint Stipulation enforceable despite its technical defects. *See Quinones v. Police Dep't of City of New York*, No.

3

10-CV-6195 (JLC), 2012 WL 2148171, at *4 (S.D.N.Y. Apr. 12, 2012), *report and recommendation adopted,* No. 10-CV-6195 (JGK) (JLC), 2012 WL 2149572 (S.D.N.Y. June 13, 2012) (explaining that an agreement entered before the court "is enforceable as long as it was voluntary, clear, explicit, and unqualified") (internal citation and quotation marks omitted). Plaintiff's change of heart does not alter the conclusion. Indeed, an enforceable stipulation remains binding "even if a party has a change of heart." *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007).

## CONCLUSION

For the foregoing reasons, the Joint Stipulation is valid and enforceable. The Clerk of Court is respectfully directed to enter the stipulation of voluntary dismissal at ECF No. 32 and to close the case.

Dated: August 26, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

4